# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| HEATHER SPRACKLEN and JOE HIGGINS, on Behalf of M.H., a Minor, | \* \* \* | |
| | \* | No. 16-559V |
| Petitioners, | \* | Special Master Christian J. Moran |
| | \* | |
| v. | \* | |
| | \* | Filed: June 13, 2018 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | \* \* | Attorneys' fees & costs. |
| | \* | |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

<u>John Robert Howie, Jr.</u>, Howie Law, PC, Dallas, TX for petitioner;
<u>Darryl R. Wishard</u>, United States Dep't of Justice, Washington, DC, for respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS ON AN INTERIM BASIS[1]

On February 1, 2018, petitioners moved for interim fees, requesting $54,772.40 in fees. These fees covered the period ending on the date of the filing of the motion.

Five days later, respondent filed his response to petitioners' motion. In his response, respondent did not object to petitioners' request. Resp't's Resp. at 2. Instead, respondent stated that he "defers to the Special Master to determine whether or not petitioners have met the legal standard for an interim fees and costs

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

award" and that aside from the issue of whether an interim fees award is appropriate, he is "satisfied that the statutory and other legal requirements for an award of attorneys' fees and costs are met." Id.

This matter is now ripe for adjudication.

\*   \*   \*

## I.   Eligibility for an Interim Award

Interim fee awards are available in Vaccine Act cases. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008). However, the Federal Circuit also noted that interim fees "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." Id. This language has been applied in the Court of Federal Claims to mean that "some special showing is necessary to warrant interim fees . . . ." McKellar v. Sec'y of Health & Human Servs., 101 Fed. Cl. 297, 300 (2011). These are "including but not limited to the delineated factors of protracted proceedings, costly experts, or undue hardship." Id. The Circuit has also considered whether petitioners faced "only a short delay in the award" before a motion for final fees could be entertained. Id.

Though the Federal Circuit has not provided specificity with regards to what constitutes a "protracted proceeding" or "undue hardship," in the initial order issued in this case, the undersigned offered the suggestion that interim fees may be appropriate when the amount of attorneys' fees exceeds $30,000 and the case has been pending for more than 18 months. See order, issued May 10, 2016. That guidance appeared reasonable then and it remains, in the undersigned's estimation, reasonable now. In addition, with an entitlement hearing scheduled for early 2019, petitioners face much more than a "short delay" until they are eligible for a final fees award. For these reasons, the undersigned finds an interim award appropriate.

## II.   Reasonableness of the Requested Amount

### A.   Reasonable Hourly Rate

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia

and the attorneys' rates are substantially lower.  Id. 1349 (citing Davis Cty.  Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl.  Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).  In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioners request compensation for her primary attorney (John Howie), an associate attorney (Zara Najam), as well as one paralegal and one legal assistant who assisted them.  The proposed rates are reasonable.

However, the rates adopted here envision the attorney in question doing the work of an attorney.  When an attorney does the work of a paralegal or administrative assistant, he or she should be paid a rate commensurate with the nature of the work.  See Valdes v. Sec'y of Health & Human Servs., 89 Fed. Cl. 415, 425 (2009) (noting that "the Special Master exercised appropriate discretion in denying requested costs for work performed by Petitioner's counsel's associate" when the special master determined "that the associate's time spent obtaining medical records was more consistent with paralegal duties."); see also Bratcher v. United States, No. 15-986, 2018 WL 1225032, at *8 (Fed. Cl. Mar. 9, 2018) (declining to reimburse for work even at paralegal rates when plaintiffs failed to demonstrate that the work was not "largely clerical or secretarial in nature").

Some of Ms. Najam's entries are more consistent with the work of a paralegal or even a secretary.  Some representative entries include work related to organizing exhibits into a single folder (0.8 hours entered on 1/25/17) and preparing and compiling exhibits for an expert report (2.8 hours entered on 2/8/17). The undersigned estimates that a $2,000 deduction reasonably accounts for the work that was overbilled at the rate of an attorney.

B.    Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed.  Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See Shea v. Sec'y of Health & Human Servs., No. 13-737V, 2015 WL 9594109, at *2 (Fed.  Cl. Spec. Mstr Dec. 10,

2015) ("special masters are not obligated to evaluate an attorney's billing records on a line-by-line basis in making the reasonableness determination … and certainly need not do so when Respondent has not attempted to highlight any specific alleged inefficiencies").

The entries from the attorneys and paralegals describe the activities with sufficient detail that the reasonableness of the work may be assessed. In general, the work and the charge for the work are reasonable.

\*     \*     \*

Accordingly, petitioners are awarded:

**A lump sum of $52,772.40 in the form of a check made payable to petitioners and petitioners' attorney, John Howie, Jr.**

These amounts represents reimbursement attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e). In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.

<u>s/Christian J. Moran</u>
Christian J. Moran
Special Master

4