# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * | | |
| HEATHER SPRACKLEN *and* | * | |
| JOE HIGGINS *on Behalf of M.H.,* | * | |
| *a Minor*, | * | |
| | * | No. 16-559V |
| Petitioners, | * | Special Master Christian J. Moran |
| | * | |
| v. | * | Filed: June 10, 2020 |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * | | |

<u>John R. Howie, Jr.</u>, Howie Law, PC, Dallas, TX, for Petitioners;
<u>Darryl R. Wishard</u>, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Pending before the Court is petitioners' motion for final attorneys' fees and costs. They are awarded **$95,725.91**.

\* \* \*

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

On May 9, 2016, petitioners filed for compensation on behalf of their minor daughter, M.H., under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. Petitioners alleged that the measles-mumps-rubella vaccine caused M.H. to suffer acute disseminated encephalomyelitis. Petitioners further alleged that M.H. suffered the residual effects of this injury for more than six months. After respondent challenged entitlement, the parties retained experts, with petitioners submitting reports from Dr. Steven Lovitt and respondent submitting reports from Dr. Peter Bingham. Due to a dispute between the experts, the case proceeded to an entitlement hearing, which was held in Dallas, Texas, on February 8, 2019. Following post-hearing briefing, the undersigned issued his Decision denying entitlement on July 31, 2019. 2019 WL 4201572 (Fed. Cl. Spec. Mstr. Jul 31, 2019).

On January 17, 2020, petitioners filed a motion for final attorneys' fees and costs ("Fees App."). Petitioners request attorneys' fees of $70,469.00 and attorneys' costs of $28,006.91 for a total request of $98,475.91. Fees App. at 1. Pursuant to General Order No. 9, petitioners warrant that they have not personally incurred any costs related to the prosecution of their case. Fees App. Ex. 5, at 1. On January 21, 2020, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2.  Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioners filed a reply on July 21, 2020, indicating that because Respondent has made no specific objections to petitioners' application, they did not intend to file a substantive reply. Reply at 1.

The matter is now ripe for disposition.

\*   \*   \*

Although compensation was denied, petitioners who bring their petitions in good faith and who have a reasonable basis for their petitions may be awarded attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). In this case, the undersigned has no reason to doubt the good faith of the claim, and although the claim was ultimately unsuccessful, the matter necessitated an entitlement hearing and the undersigned finds that petitioners' claim has a reasonable basis throughout the entire case. Respondent also has not challenged the reasonable basis of the claim. A final award of attorneys' fees and costs is therefore proper in this case.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

### A. Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).  In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioners request the following rates of compensation for the work of their counsel: for Mr. John Howie, Jr., $383.00 per hour for work performed in 2018 and $395.00 per hour for work performed in 2019; and for Mr. Michael Gross, $160.00 per hour for work performed in 2018 and $182.00 per hour for work performed in 2019.

The undersigned has reviewed the requested rates and finds them to be reasonable and consistent with what special masters have previously awarded to petitioners' counsel at Howie Law, PC for their Vaccine Program work. See, e.g. Kaiser v. Sec'y of Health & Human Servs., No. 17-1099V, 2020 WL 2510449 (Fed. Cl. Spec. Mstr. Apr. 28, 2020). Accordingly, the requested hourly rates are reasonable.

B.   Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing entries and finds that the hours billed by Mr. Howie are reasonable. The hours billed by Mr. Gross, while reasonable, reflect work that is more properly categorized as paralegal rather than attorney. Upon review, it appears that Mr. Gross primarily drafted and tracked requests for medical records, prepared exhibit lists, and engaged in interoffice communications with Mr. Howie and firm paralegals to help coordinate the case. In awarding interim fees in this case, the undersigned previously noted that another associate attorney at Mr. Howie's firm primarily performed paralegal tasks. 2018 WL 3991090, at *2 (Fed. Cl. Spec. Mstr. June 13, 2018). Thus, the undersigned finds it reasonable to compensate most of Mr. Gross' billed time at paralegal, rather attorney, hourly rates. An appropriate reduction for this is $1,000.00.

In sum, petitioners are awarded final attorneys' fees of $69,469.00.

C.   Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $28,006.91 in attorneys' costs. This amount is comprised of acquiring medical records, work performed by petitioners' expert, Dr. Lovitt, and travel costs associated with attending the entitlement hearing for Dr. Lovitt and petitioners. Fees App. Ex. 3 at 1. Petitioners have provided adequate documentation supporting these costs and they are largely reasonable in the undersigned's experience. The only reduction necessary is for travel time billed by Dr. Lovitt. His billing records indicate that he billed time to travel from Houston, Texas, to Dallas at his full hourly rate. Fees App. Ex. 6 at 6. Dr. Lovitt's billing records do not indicate that any case work was being performed during travel. The undersigned will therefore compensate 10 total hours of travel time at one-half of Dr. Lovitt's standard hourly rate, resulting in a reduction of $1,750.00.

Petitioners are therefore awarded final attorneys' costs of $26,259.91.

E.   Conclusion

4

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$95,725.91** (representing $69,469.00 in attorneys' fees and $26,259.91 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioners and petitioners' counsel, Mr. John Howie, Jr.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran<br>
Christian J. Moran<br>
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.